```
         ✓ FILED      ___ LODGED
         ___ RECEIVED ___ COPY

              DEC 19 2018

         CLERK U S DISTRICT COURT
           DISTRICT OF ARIZONA
         BY_____ DEPUTY
```

SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>1. Herman Leroy Green III,<br>   (Counts 1-18)<br><br>2. Herman Leroy Green Jr.,<br>   (Counts 1-15)<br><br>        Defendants. | CR-18-01665-PHX-DLR (ESW)<br><br>**INDICTMENT**<br><br>VIO:  18 U.S.C. § 371<br>      (Conspiracy)<br>      Count 1<br><br>      18 U.S.C. § 1343<br>      (Wire Fraud)<br>      Counts 2-12<br><br>      18 U.S.C. § 1341<br>      (Mail Fraud)<br>      Counts 13-15<br><br>      18 U.S.C. § 1028A<br>      (Aggravated Identity Theft)<br>      Counts 16-18<br><br>      18 U.S.C. §§ 981 & 982,<br>      21 U.S.C. § 853, and<br>      28 U.S.C. § 2461(c)<br>      (Forfeiture Allegation) |

THE GRAND JURY CHARGES:

1.      From at least February 2011 through at least May 2014, defendants HERMAN LEROY GREEN III and his father, HERMAN LEROY GREEN JR., filed hundreds of fraudulent applications for federal student financial aid and defrauded the United States Department of Education into approving millions of dollars in grants and loans. Defendants used stolen identities to sign up for community college classes and apply for financial aid in others' names. Upon receiving grant and loan money for the straw

students, the colleges disbursed a portion of the financial aid funds onto prepaid debit cards. The defendants then used the prepaid debit cards for their own personal expenses.

### Background

2. The United States Department of Education (DOE) is an agency of the United States responsible for the management, oversight, and distribution of federal student financial aid (FSA). FSA funds can take the form of both loans and grants.

    a. The Pell Grant program provides federal funds to eligible students who need financial assistance to pursue post-secondary education at participating institutions. Pell Grants are in the form of a gift that is not required to be repaid.

    b. The William D. Ford Direct Loan program provides loans to students directly from DOE. Unlike Pell Grants, direct loans must be repaid. The direct loan program includes subsidized loans, which are awarded based on financial need, and unsubsidized loans, which are awarded to students regardless of financial need.

3. To be eligible for FSA funds, a student must be working toward a degree or certificate at an eligible educational institution, possess a high school diploma or equivalent, and maintain satisfactory academic progress in his or her course study, among other requirements.

4. To apply for FSA funds, a student must complete an application known as a Free Application for Federal Student Aid, or "FAFSA," which is available online and can be submitted by the student directly to DOE. The FAFSA requires the applicant to specify, among other things, his or her financial condition, marital status, family composition, tax filing status, and income.

5. If a student qualifies for a loan, the student must execute a Master Promissory Note (MPN). The MPN is a binding legal document that lists the terms and conditions under which a student agrees to repay the loan. The MPN, like the FAFSA, can be signed electronically using a FSA personal identification number (PIN) assigned during the

application process.

6. After a FAFSA is approved by DOE, and the student accepts the funds and executes an MPN if necessary, DOE disburses the resulting FSA funds directly to the student's educational institution to be applied to the student's tuition and fees. In many instances, the FSA award will exceed the cost of attending the institution. (The excess funds are usually intended to cover some or all of the student's cost of living while pursuing a degree.) When this occurs, the institution disburses the excess funds directly to the student in the form of a check or prepaid debit card, or through an electronic fund transfer.

7. Defendant HERMAN GREEN III orchestrated a scheme to steal FSA funds. GREEN III obtained the stolen identities, registered individuals without their knowledge for classes at community colleges in Arizona, Ohio, and elsewhere, and fraudulently applied for and obtained FSA funds on behalf of these straw students. In furtherance of the scheme, GREEN III possessed, among other things, electronic files containing Personal Identifying Information (PII) for various individuals, as well as tax returns, debit cards, and financial aid forms for numerous individuals.

8. Defendant HERMAN GREEN JR. helped his son, GREEN III, in the scheme to steal FSA funds. GREEN JR. obtained stolen identities from GREEN III and used them to register individuals for classes and fraudulently apply for and obtain FSA funds on behalf of the straw students. In furtherance of the scheme, GREEN JR. possessed, among other things, PII for more than 90 individuals, as well as tax returns and debit cards for various individuals.

9. In total, defendants possessed PII for more than 500 different individuals, approximately 309 of whom received FSA since 2011. For these 309 individuals, DOE approved FSA totaling approximately $7,490,080 and paid FSA totaling approximately $5,442,975.

## COUNT 1
## 18 U.S.C. § 371
## Conspiracy

10. The factual allegations above are incorporated in Count One.

11. From at least February 2011 through at least May 2014, within the district of Arizona and elsewhere, defendants HERMAN LEROY GREEN III and HERMAN LEROY GREEN JR. knowingly and intentionally agreed and conspired with each other, and with others known and unknown to the grand jury, to commit the following offenses against the United States: 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud); 20 U.S.C. § 1097(a) (Financial Aid Fraud); and 18 U.S.C. § 1028A (Aggravated Identity Theft).

### Object of the Conspiracy

12. The object of the conspiracy was to steal money in the form of FSA funds by submitting fraudulent FAFSAs and MPNs to DOE.

### Manner and Means of the Conspiracy

13. Defendants used stolen identities to register individuals for classes at community colleges in Maricopa County, Arizona, and elsewhere, and to complete FAFSAs and MPNs to get FSA funds from DOE. Based on defendants' fraudulent applications, excess FSA funds were disbursed by the schools onto debit cards, which were mailed by the issuing financial institution to addresses in Ohio and Arizona associated with defendants. Defendants then used the FSA funds on the debit cards for their own personal expenses.

### Overt Acts

14. In furtherance of the conspiracy and to effect the objects of the conspiracy, defendants HERMAN LEROY GREEN III, HERMAN LEROY GREEN JR., and others known and unknown to the grand jury, committed and caused to be committed the following overt acts, among others, within the District of Arizona and elsewhere:

   a. Defendants transmitted, or caused to be transmitted, the student account information listed below to the Maricopa County Community College District (MCCCD) from IP addresses 174.26.49.121 and 174.19.151.246, which were assigned to GREEN JR.'s home during the relevant time period.

        i.    On or about June 21, 2013, D.O.'s student account information was transmitted to MCCCD from IP address 174.26.49.121.

        ii.    On or about September 14, 2013, J.F.'s student account information was transmitted to MCCCD from IP address 174.19.151.246.

        iii.    On or about September 14, 2013, C.C.'s student account information was transmitted to MCCCD from IP 174.19.151.246.

    b.    In total, student account information regarding approximately 287 different students was accessed or transmitted to MCCCD from IP addresses associated with defendants.

    c.    Defendants completed and submitted, or caused to be completed and submitted, the fraudulent FAFSAs listed below from IP address 68.3.236.18, which was assigned to GREEN III's home during the relevant time period.

        i.    On or about June 29, 2013, a fraudulent FAFSA was filed from IP address 68.3.236.18 in A.G.'s name.

        ii.    On or about June 29, 2013, a fraudulent FAFSA was filed from IP address 68.3.236.18 in A.J.'s name.

        iii.    On or about December 15, 2013, a fraudulent FAFSA was filed from IP address 68.3.236.18 in A.G.'s name.

        iv.    On or about January 4, 2014, a fraudulent FAFSA was filed from IP address 68.3.236.18 in A.J.'s name.

        v.    On or about January 5, 2014, a fraudulent FAFSA was filed from IP address 68.3.236.18 in G.W.'s name.

        vi.    On or about January 16, 2014, a fraudulent FAFSA was filed from IP address 68.3.236.18 in C.L.'s name.

        vii.    On or about March 2, 2014, a fraudulent FAFSA was filed from IP address 68.3.236.18 in R.S.'s name.

    d. Defendants completed and submitted, or caused to be completed and submitted, the fraudulent MPNs listed below from IP address 68.3.236.18, which was assigned to GREEN III's home during the relevant time period.

      i. On or about August 19, 2013, a fraudulent MPN was filed from IP address 68.3.236.18 in A.G.'s name.

      ii. On or about August 19, 2013, a fraudulent MPN was filed from IP address 68.3.236.18 in A.J.'s name.

      iii. On or about January 24, 2014, a fraudulent MPN was filed from IP address 68.3.236.18 in G.W.'s name.

    e. In total, FAFSAs and MPNs for approximately 173 different students were submitted to DOE from IP addresses associated with defendants.

    f. Defendants created, or caused to be created, the following prepaid debit cards onto which excess FSA funds resulting from defendants' fraudulent FAFSAs and MPNs were disbursed by educational institutions.

      i. On or about July 25, 2013, a prepaid debit card, account number ending -1685, was created in A.J.'s name.

      ii. On or about August 8, 2013, a prepaid debit card, account number ending -7433, was created in A.G.'s name.

      iii. On or about January 10, 2014, a prepaid debit card, account number ending -2866, was created in G.W.'s name.

    g. In total, approximately $1,484,746.21 was disbursed by Citibank onto prepaid debit cards for students associated with defendants.

    h. Defendants possessed the following items, among others, at their homes in Mesa, Arizona.

      i. Hard copy lists and electronic files containing PII for more than 500 individuals;

      ii. A fraudulent social security card and driver's license for J.H., an individual whose name defendants used to steal FSA funds;

   iii. Tax returns for various individuals;

   iv. Maricopa Community College Visa cards and other cards bearing the names of more than 30 individuals;

   v. Correspondence from a financial institution that issued prepaid debit cards created by defendants during the scheme; and

   vi. MCCCD financial aid forms for at least a dozen individuals.

All in violation of 18 U.S.C. § 371.

## COUNTS 2-12
## 18 U.S.C. § 1343
## Wire Fraud

15. The factual allegations above are incorporated in Counts Two through 12.

16. From at least February 2011 through at least May 2014, within the district of Arizona and elsewhere, defendants HERMAN LEROY GREEN III and HERMAN LEROY GREEN JR. and others devised and intended to devise a scheme to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations.

17. On or about each of the dates set forth below, in the District of Arizona and elsewhere, GREEN III and GREEN JR. caused to be transmitted by means of wire communication in interstate commerce certain writings, pictures, signals, and sounds related to the submission of FAFSAs and MPNs to DOE, each transmission constituting a separate count.

| Count | Date | Student | Submission to DOE |
|---|---|---|---|
| 2 | 1/4/2014 | A.J. | FAFSA |
| 3 | 1/5/2014 | G.W. | FAFSA |
| 4 | 1/24/2014 | G.W. | MPN |

18. On or about each of the dates set forth below, in the District of Arizona and elsewhere, GREEN III and GREEN JR. caused to be transmitted by means of wire communication in interstate commerce certain writings, pictures, signals, and sounds

- 7 -

related to the electronic transfer of funds from an educational institution to a prepaid debit card, each transmission constituting a separate count.

| Count | Date | Student | Debit Card No. | Amount |
|---|---|---|---|---|
| 5 | 1/11/2014 | A.J. | -1685 | $316.00 |
| 6 | 1/16/2014 | A.G. | -7433 | $316.00 |
| 7 | 1/28/2014 | A.G. | -7433 | $1,523.50 |
| 8 | 2/7/2014 | A.J. | -1685 | $596.50 |
| 9 | 3/6/2014 | G.W. | -2866 | $316.00 |
| 10 | 3/20/2014 | A.G. | -7433 | $2,395.00 |
| 11 | 3/22/2014 | A.J. | -1685 | $886.00 |
| 12 | 3/27/2014 | G.W. | -2866 | $4,649.50 |

All in violation of 18 U.S.C. § 1343.

### COUNTS 13-15
### 18 U.S.C. § 1341
### Mail Fraud

19. The factual allegations above are incorporated in Counts 13 through 15.

20. From at least February 2011 through at least May 2014, within the district of Arizona and elsewhere, defendants HERMAN LEROY GREEN III and HERMAN LEROY GREEN JR. and others devised and intended to devise a scheme to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations.

21. Soon after each of the card creation dates set forth below, in the District of Arizona and elsewhere, GREEN III and GREEN JR. caused to be delivered by U.S. mail, according to the direction thereon, prepaid debit cards sent by Citibank:

///

///

///

///

| Count | Date | Student | Debit Card No. | Address |
|---|---|---|---|---|
| 13 | 1/10/2014 | G.W. | -2866 | XXXX N. Country Club Dr. Mesa, AZ 85323 |
| 14 | 3/6/2014 | C.L. | -6475 | XXXX Randy Rd. Bedford, OH 44146 |
| 15 | 3/10/2014 | R.S. | -6552 | XXXX Randy Rd. Bedford, OH 44146 |

All in violation of 18 U.S.C. § 1341.

### COUNTS 16-18
### 18 U.S.C. § 1028A
### Aggravated Identity Theft

22. The factual allegations above are incorporated in Counts 16 through 18.

23. From at least February 2011 through at least May 2014, within the district of Arizona and elsewhere, defendant HERMAN LEROY GREEN III did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit wire fraud as alleged in Counts 2-4 above, knowing that the means of identification belonged to another actual person.

| Count | Date | Identity | Identity Used For |
|---|---|---|---|
| 16 | 1/4/2014 | A.J. | FAFSA Submitted to DOE |
| 17 | 1/5/2014 | G.W. | FAFSA Submitted to DOE |
| 18 | 1/24/2014 | G.W. | MPN Submitted to DOE |

All in violation of 18 U.S.C. § 1028A.

### FORFEITURE ALLEGATION

24. The factual allegations above are incorporated in the forfeiture allegation.

25. Pursuant to 18 U.S.C. §§ 981 & 982, 21 U.S.C. § 853, and 28 U.S.C § 2461(c), and upon conviction of one or more of the offenses alleged in Counts One through 15 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in any property, real or personal, which constitutes or is derived

from proceeds traceable to the offenses.

26. The property to be forfeited includes, but is not limited to, the following: a sum of money equal to at least $5,442,975 in United States currency, representing the amount of money involved in the offenses.

27. If any of the forfeitable property, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. §§ 981 & 982, 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

A TRUE BILL

S/

FOREPERSON OF THE GRAND JURY
Date: December 19, 2018

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

S/

M. BRIDGET MINDER
Assistant U.S. Attorney